Connon, Richard F., J.
The plaintiffs, Elizabeth Gabriel Brooke and Provincetown Purchase, LLC (“the plaintiffs”), brought this action claiming intentional interference with business relations, trade name infringement, and violations of Chapter 93A. The plaintiffs have moved for a preliminary injunction, seeking to prevent the defendants from using the name “Gabriel” or any derivative thereof. For the following reasons, the plaintiffs’ Motion for a Preliminary Injunction is DENIED.
BACKGROUND
Elizabeth Gabriel Brooke has for many years run a guest house complex in Provincetown catering to lesbian clients. She has undertaken this business both individually and through her company, Provincetown Purchase, LLC. In 2004, Ms. Brooke converted two of the four buildings to condominiums and sold all but two of those units to individual owners. The master deed of the condominium complex, in the first line, describes itself as “MASTER DEED of the GABRIEL’S CONDOMINIUM.” Item 1 of the deed states “The name of the condominium shall be GABRIEL’S CONDOMINIUM.” Ms. Brooke established a trust for the newly created condominiums. The terms of the trust state that the name of the trust is “Gabriel’s Condominium Trust.” Condominium owners, some of whom bought the property for the purpose of renting it, engaged Provincetown Purchase to manage the rental of their units.
In late 2005 and early 2006, Provincetown Purchase proposed a new contract for its management services. Several of the owners declined to sign that new contract and instead contracted with a different rental management company, owned by the defendant Mark Basile. Mark Basile, one of the individual unit owners, calls this other rental management company Gabriel’s Condominium Rental Management, LLC. According to the affidavit of Karen Kruskal, the Chairperson of the Board of Trustees for the condominium trust, the trustees gave Basile permission to use the name of the condominium complex.
As a result two companies exist in close proximity using substantially similar names and conducting similar business activities. According to the parties’ affidavits, the similarity has created customer confusion. The plaintiffs seek a preliminary injunction to prevent the defendant from using the name “Gabriel’s” or any derivative thereof.
DISCUSSION
In evaluating the plaintiffs’ motion for a preliminary injunction, this Court must first evaluate the plaintiffs’ alleged injury and their chance of success on the merits. Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). If this Court finds that the plaintiff is at risk of irreparable harm, then the Court will proceed to balance that risk with the risk of irreparable harm to the defendants if the injunction is granted. “What matters to each parly is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits.” Id. at 617.
The plaintiffs’ chance of success on the merits is slim. Ms. Brooke gave both the condominium complex and the associated trust the name Gabriel. The name has become a place name describing the location. Even if the Court assumes that the name Gabriel was previously associated exclusively with Ms. Brooke’s business enterprises, her action in applying that name to the property itself means that name can no longer be considered exclusively hers to control.
An individual has the right to protect a trade name when that name “has acquired a secondary meaning in the minds of the public.” Planned Parenthood Federation v. Problem Pregnancy of Worcester, Inc., 398 Mass. 480, 485 (1986), quoting Monroe Stationers & Printers, Inc. v. Munroe Stationers, Inc., 332 Mass. 278, 280 (1955). In determining whether a trade name has acquired a secondary meaning, the Court looks to the following factors: “length of use of the mark, similarity of marks, similarity of goods, relationship between the two organizations, classes of prospective purchasers, strength of mark, and evidence of actual confusion.” Planned Parenthood Federation at 486. Here, Ms. Brooke has unofficially used the name “Gabriel’s” in connection with her business for many years. The plaintiffs and the defendants offer similar rentals within the same condominium complex. They compete for the same clients. The affidavits supplied by the *202 plaintiffs indicate that several guests have been confused by the existence of two similar entities.
Despite these factors, “Gabriel’s” is no longer a strong mark. Once the name was used to describe the condominium complex and the trust, which are not related to the plaintiffs, anyone could use the name to describe the condominium complex and trust. A business such as Basile’s, which provides services to the complex called Gabriel’s Condominium, can legally describe itself as Gabriel’s Condominium Rental Management, LLC.
Furthermore, the plaintiffs have not shown any damages resulting to them from the defendants’ use of the name of the condominium complex. The existence of two rental management companies in close proximity to each other may have the potential to confuse the customers of both the plaintiffs and the defendants. While the use of the name “Gabriel’s” contributes to this confusion, a prohibition on the use of that name will not solve the underlying confusion resulting from the fact that two management companies are competing to run a complex which was formerly controlled by a single management company.
The risk of harm to be assessed here is not the burden of competition with the defendants. As the plaintiffs seek an injunction only for the use of the name, the risk of harm to be assessed is the difference in harm resulting from competition from the defendants as presently named compared with the risk of harm resulting from competition with the defendants under any other name. The plaintiffs have not shown that any confusion would be alleviated by a change in the defendants’ name.
Risk of harm to the plaintiffs must be assessed in light of the plaintiffs’ chance of success on the merits. Packaging Indus. Group, Inc., 380 Mass, at 617. As discussed above, the plaintiffs have little chance of success in asserting control over a name which has been given to a condominium complex which is not affiliated with the plaintiffs. Because this Court does not find that the plaintiff has a strong likelihood of success on the merits, the Court must decline to issue a preliminary injunction.
ORDER
For the forgoing reasons, the plaintiffs’ Motion for Preliminary Injunction is DENIED.